Case 1:25-cv-01763-LAK    Document 63    Filed 04/28/26    Page 1 of 5

# DORSEY

DORSEY + WHITNEY LLP

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 4-29-26

**BRUCE R. EWING**
**PARTNER**
**(212) 415-9206**
ewing.bruce@dorsey.com

April 28, 2026

**VIA ECF**
Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Bliss Trademark Holdings, LLC v. Blissy LLC*, No. 1:25-cv-01763-LAK

Dear Judge Kaplan:

We represent Plaintiff Bliss Trademark Holdings, LLC ("Bliss" or "Plaintiff") in the above-referenced action.  Pursuant to Standing Order 19-mc-00583, Section 6 of the Court's Electronic Case Filing Rules, and Your Honor's Individual Practices, Plaintiff respectfully seeks leave to file under seal and/or in redacted form certain materials submitted in support of Plaintiff's opposition to the Motion for Summary Judgment filed by Defendant Blissy LLC ("Blissy" or "Defendant").

Plaintiff submits concurrently herewith the Declaration of Bruce R. Ewing in support of this request, which identifies the categories of materials for which sealing or redaction is sought, the confidentiality designations applicable to certain materials, the meet-and-confer process with Defendant, and Plaintiff's compliance with the Court's filing requirements.

The materials for which sealing or redaction is sought consist of narrowly tailored excerpts from Plaintiff's opposition memorandum, Plaintiff's Local Civil Rule 56.1 response and statement of additional material facts, the Declaration of Alan Shamah and exhibits thereto, the Declaration of Andrew Hunt and exhibits thereto, and the Declaration of Bruce R. Ewing and exhibits thereto.  These materials contain or reflect nonpublic financial, sales, advertising, licensing, marketing, brand-strategy, customer, and product-level revenue information, as well as personally identifying information of individual consumers and other non-parties.  Many of the materials also were designated by Defendant as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order entered in this action.  *See* Dkt. 24.

Plaintiff does not seek to seal its legal arguments wholesale or to shield information merely because it was designated confidential during discovery.  Instead, Plaintiff seeks only targeted redactions to the memorandum, Rule 56.1 statement, and declarations where those documents quote, summarize, or reveal confidential business information or personal identifying information, and seeks to file under seal only those exhibits that consist principally of such information. Public redacted versions are being filed where feasible, with unredacted highlighted versions filed under seal.

The materials at issue are as follows:

Hon. Lewis A. Kaplan
April 28, 2026
Page 2

| Document | Treatment Requested | Basis |
|---|---|---|
| Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment | Public redacted version; sealed unredacted highlighted version | Redacted portions quote or reveal confidential financial, sales, advertising, marketing, business-strategy, customer, or product-level revenue information |
| Plaintiff's Local Civil Rule 56.1 Response and Statement of Additional Material Facts | Public redacted version; sealed unredacted highlighted version | Redacted portions quote or reveal confidential financial, sales, advertising, marketing, business-strategy, customer, or product-level revenue information, and deposition testimony designated confidential |
| Alan Shamah Declaration ("Shamah Dec.") | Public redacted version; sealed unredacted highlighted version | Redacted portions quote or reveal Plaintiff's confidential financial, advertising, licensing, and sales information |
| Shamah Dec., Ex. 2, PLT00017833 | Filed under seal | Highly Confidential financial information concerning the BLISS business, including historical revenues and advertising/promotional expenditures |
| Shamah Dec., Ex. 19, PLT00016828–47 | Filed under seal | Confidential licensing guide containing nonpublic brand, licensing, and commercial strategy information |
| Shamah Dec., Ex. 24, PLT00017031 | Filed under seal | Highly Confidential advertising spend summary |
| Shamah Dec., Exs. 27–29, PLT00017032–39, PLT00017106–21, PLT00017122–42 | Filed under seal | Confidential marketing and publicity reports |
| Shamah Dec., Ex. 30, PLT00016963 | Filed under seal | Highly Confidential sales-by-customer information |
| Shamah Dec., Ex. 34 | Public redacted version; sealed unredacted version | Public redacted version; sealed unredacted version includes confidential email communications containing names and other personally identifying |

Case 1:25-cv-01763-LAK    Document 63    Filed 04/28/26    Page 3 of 5

Hon. Lewis A. Kaplan
April 28, 2026
Page 3

| | | information of individuals, redacted as applicable |
|---|---|---|
| Hunt Declaration Exhibits 1–34, PLT00020785, PLT00020783–84, PLT00016924, PLT00016625–28, PLT00020781–82, PLT00016629–37, PLT00016925–26, PLT00016640, PLT00016643–48, PLT00016651–72, PLT00016815–23, PLT00020786–87 | Public redacted versions; sealed unredacted versions | Customer-service communications containing names, email addresses, telephone numbers, shipping addresses, order details, and other personal identifying information of individual consumers or non-parties |
| Bruce Ewing Declaration ("Ewing Dec."), Ex. 9, DEF001743– DEF001799 | Filed under seal | Defendant-designated Confidential brand guidelines reflecting logo usage, brand colors, product packaging, and product-line guidance |
| Ewing Dec., Ex. 10, DEF002294 | Filed under seal | Defendant-designated Highly Confidential campaign, offer, pricing, and product information |
| Ewing Dec., Ex. 12, DEF16584346 | Filed under seal | Defendant-designated Highly Confidential product-level revenue information |
| Ewing Dec., Exs. 18–20 | Public redacted versions; sealed unredacted highlighted versions | Deposition transcript excerpts containing testimony designated Confidential and/or Highly Confidential by Defendant |
| Ewing Dec., Ex. 25, DEF001148 | Filed under seal | Defendant-designated Highly Confidential customer list |
| Ewing Dec., Ex. 30 | Filed under seal as applicable | Highly Confidential settlement agreements and enforcement materials reflecting confidential settlement terms |

Case 1:25-cv-01763-LAK    Document 63    Filed 04/28/26    Page 4 of 5

Hon. Lewis A. Kaplan
April 28, 2026
Page 4

| | | |
|---|---|---|
| Ewing Dec., Exs. 35–50, DEF000092–97, DEF16584350–81, DEF16584354–71, DEF001677, DEF16584347–83, DEF001638–40, DEF001682–84, DEF001635–37, DEF001641–74, DEF001633–66, DEF001649–54, DEF001657–58, DEF001667–69, DEF001678–81, DEF16584348–70, DEF16584364–65 | Public redacted versions; sealed unredacted versions | Defendant-produced customer-service communications containing personal identifying information and customer/order information |

Under the Second Circuit's framework, courts first determine whether the materials are "judicial documents," then assess the weight of the presumption of access, and then balance any competing considerations against that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Even where the presumption applies, sealing or redaction is appropriate where it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120. (internal citation omitted).

The requested sealing and redactions satisfy that standard. Confidential "business information that might harm a litigant's competitive standing" may warrant protection from disclosure. *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-7417, 2017 U.S. Dist. LEXIS 182474, at *5–6 (S.D.N.Y. Nov. 2, 2017) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009) (recognizing interest in protecting confidential business information); *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding good cause to seal commercially sensitive and confidential information). Courts in this District have permitted sealing or redaction of marketing plans, revenue information, pricing information, advertising expenditures, merchandising strategies, business-development materials, and similar confidential commercial information. See *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *9 (S.D.N.Y. Apr. 12, 2016); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

The requested protection is also appropriate for materials containing personal identifying information of individual consumers and other non-parties, with public versions redacted to protect that information where feasible. The privacy interests of third parties weigh heavily in the access analysis. See *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). Specifically, Shamah Declaration Exhibit 34, the Hunt Declaration exhibits, and certain Ewing Declaration exhibits contain names, email addresses, telephone numbers, addresses, order-

Hon. Lewis A. Kaplan
April 28, 2026
Page 5

related information, and other identifying details of consumers or non-parties who are not litigants in this action.  Plaintiff has therefore redacted that personal information from the public versions while filing complete versions under seal.

Separately, portions of the Shamah Declaration and certain exhibits thereto contain or reflect nonpublic financial, sales, advertising, licensing, and marketing information concerning the BLISS business, which Plaintiff seeks to protect through targeted redactions and sealed exhibit filings.

This request is narrowly tailored.  Plaintiff is not seeking to seal entire briefs or declarations where targeted redactions will suffice.  The public versions preserve the substance of Plaintiff's arguments and the evidentiary record, while redacting only the confidential financial, commercial, strategic, customer, or personal information described above.  The sealed exhibits consist principally of confidential commercial information or non-party identifying information, such that line-by-line redaction would be impractical or would not meaningfully enhance public access.

Plaintiff has complied with Standing Order 19-mc-00583, Section 6 of the Court's ECF Rules, and Your Honor's Individual Practices.  This letter motion is being filed publicly and does not disclose the confidential information sought to be sealed.  The proposed sealed materials are being filed contemporaneously under seal and electronically related to this motion.  Where Plaintiff seeks leave to redact publicly filed materials, Plaintiff is filing public redacted versions and sealed unredacted versions with the proposed redactions highlighted.  The docket text for the sealed filings does not disclose confidential information.

Plaintiff has also met and conferred with Defendant regarding the materials designated by Defendant as Confidential or Highly Confidential.  Defendant has been notified that, to the extent it seeks continued confidential treatment for its designated materials, it must file within three days a letter explaining the need to seal or redact those materials under Your Honor's Individual Practices. Defendant does not oppose Plaintiff's request.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the identified materials under seal and/or in redacted form.

Respectfully submitted,

By: /s/ Bruce R. Ewing
    Bruce R. Ewing
    John Mixon
    William Cravens (*pro hac vice*)
    Attorneys for Plaintiff Bliss Trademark
    Holdings, LLC

*Granted*

SO ORDERED

LEWIS A. KAPLAN, USDJ

51 West 52nd Street New York NY 10019 | P 212.415.9200 | F 212.953.7201 | dorsey.com