USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

BLISS TRADEMARK HOLDINGS, LLC,

Plaintiff,

-against- 25-cv-1763 (LAK)

BLISSY LLC,

Defendant.

---------------------------------------- x

**MEMORANDUM AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

LEWIS A. KAPLAN, *District Judge.*

Defendant's motion for summary judgment is denied. The motion is premised nearly entirely on the contention that no genuine dispute of material fact exists as to the likelihood of confusion between the parties' respective marks. Plaintiff's federal trademark infringement, unfair competition, and cancellation of registration claims, and its state trademark infringement and unfair competition claims, all depend on proof of such likely confusion. The three most important factors relevant to a likelihood of confusion generally are the strength of the plaintiff's trademark, the similarity between the parties' marks, and the proximity of the parties' products.[1] A defendant's good or bad faith is another relevant consideration.[2]

Construing the evidence in the light most favorable to the plaintiff, a reasonable factfinder could determine that plaintiff owns an inherently distinctive mark that has been used for many years, with tens of millions of dollars in sales and millions of dollars in advertising expenditures annually; that the parties' marks – Bliss and Blissy – in at least some instances appear in a similar font and color and in all instances differ by only one letter; and that the parties use similar trade channels, compete directly with respect to certain products, and both market certain of their non-identical products as benefitting skin and hair. In other words, the evidence is sufficient to permit findings that plaintiff owns a strong mark, that the marks are highly similar, and that the products are in close proximity. Furthermore, the record creates a genuine dispute of material fact as to whether the

---

1 *See Bath & Body Works Brand Mgmt., Inc. v. Summit Ent., LLC*, 7 F. Supp. 3d 385, 399 (S.D.N.Y. 2014).

2 *See Gruner + Jahr USA Pub. v. Meredeth Corp.*, 793 F. Supp. 1222, 1233 (S.D.N.Y. 1992).; *see also Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494 , 514 (S.D.N.Y. 2014) (New York unfair competition claim requires showing of defendant's bad faith).

defendant acted in bad faith by failing to conduct a trademark search prior to adopting its mark and by continuing to expand and market itself similarly to plaintiff after being informed about plaintiff's mark.[3] The Court cannot conclude that defendant is entitled to judgment as a matter of law on the basis that there is no likelihood of confusion, even assuming the remaining relevant factors are neutral or favor defendant.[4] Defendant's potential bad faith likewise precludes summary judgment in defendant's favor on plaintiff's claim for disgorgement of profits, since "a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate."[5]

Trial shall commence on January 26, 2027, at 10:00 AM in Courtroom 21B.

The pretrial order notes that both parties have requested a jury trial. However, plaintiff seeks only injunctive relief, an equitable remedy that typically would not give rise to a right to a jury trial,[6] and disgorgement of defendant's profits, which the defendant has argued is also an equitable remedy that should "be determined by the Court."[7] Accordingly, no later than September 28, 2026, plaintiff shall show cause why this case should be tried to a jury. The defendant shall respond no later than October 5, 2026.

SO ORDERED.

Dated: September 14, 2026

Lewis A. Kaplan
United States District Judge

---

3 *See The Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 964-65 (2d Cir. 1996); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 754 (2d Cir. 1996).

4 The same genuine factual disputes preclude judgment on plaintiff's statutory claim for trademark dilution under New York law. Such claim requires proof that plaintiff's mark is inherently distinctive or otherwise strong, that the parties' marks are substantially similar, and that defendant's conduct is likely to dilute plaintiff's trademark through "blurring," which in turn requires consideration of among other things the similarity of the marks, the similarity of the products, and the existence of predatory intent. *See, e.g., Starbucks Corp. v. Wolfe's Borough Coffee*, 588 F.3d 97, 114 (2d Cir. 2009).

5 *Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212, 219 (2020).

6 *See, e.g., Eden Foods, Inc. v. Baksht*, No. 14-cv-3222, 2015 WL 800240, at *2 (E.D.N.Y. Feb. 25, 2015).

7 Dkt 57 at 5-7.